IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHNATHAN WILLIAM BAFFORD,**

        **Plaintiff,**

  v.                      CASE NO.08-3092-SAC

**LARRY HOSHAW, et al.,**

        **Defendants.**

**O R D E R**

Plaintiff, a prisoner incarcerated in the Larned Correctional Mental Health Facility in Larned, Kansas, proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983, seeking damages for the alleged violation of his constitutional rights while confined at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas.[1] Specifically, plaintiff alleged EDCF defendants unlawfully used excessive force against him, and impermissibly interfered with his access to the courts.

The court reviewed the complaint and directed plaintiff to show cause why it should not be summarily dismissed as stating no claim for relief because the facts alleged and provided by plaintiff did not support a plausible finding that defendants used excessive force

---

[1] Plaintiff also seeks unspecified injunctive relief. Because plaintiff names only EDCF defendants, any such claim for injunctive relief was rendered moot by plaintiff's transfer from that facility. *See* Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions). *See also*, Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

under the circumstances, and because plaintiff identified no actual prejudice to his pursuit of a valid nonfrivolous claim. *See* <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992); <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).

In response, plaintiff essentially maintains the alleged use of force by EDCF officers after plaintiff had been handcuffed violated the Eighth Amendment prohibition against subjecting him to cruel and unusual punishment. However, plaintiff does not dispute information provided in the complaint that while restrained, he was able to get up and elbow officers who sustained serious injuries while attempting to regain control. The court continues to find on the face of the record that the facts presented by plaintiff establish no plausible claim that defendants' use of force was applied "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992).

As to plaintiff's second claim, plaintiff simply restates that two EDCF defendants failed to provide administrative forms necessary to access the court in a timely manner regarding the alleged use of force. However, plaintiff identifies no filing that was barred as untimely or otherwise, and plaintiff does not have to establish his exhaustion of administrative remedies in order to file a complaint in federal court. *See* <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007)(a prisoner's failure to fully and properly exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) is an affirmative defense to be raised by defendants; "inmates are not required to

specifically plead or demonstrate exhaustion in their complaints"). Thus plaintiff's allegations provide no factual support for the necessary finding that a defendant's action caused him any actual prejudice in pursuing a nonfrivolous legal claim. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).

Accordingly, for the reasons stated herein and in the show cause order dated April 18, 2008, the court finds the complaint should be dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that complaint is dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 2nd day of September 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge